PeaesoN, J.
 

 In compliance with the rule, that in pleading, the commencement of every particular estate must be set out, the declaration recites the lease for years under which the plaintiff claims'. In doing so, it is usual to follow the description contain
 
 *472
 
 ed in tbe original grant on some one of the mesne conveyances. In this case, the description in the grant and that in the deed to the lessor differ, both in a general and in a particular point of view; in the general, in this the deed covers two or three other tracts of land, besides the tract described in the grant; in the particular, in this : both begin at a chestnut, and'then go to a Spanish oak corner, but in getting to the Spanish oak, the grant makes two steps, e. i., South
 
 16 poles,
 
 West 82 poles, whereas, the deed gets there by one step, e. L, South 16 West (degrees omitted) 82 poles to a Spanish oak. The lease recited in the declaration shows an attempt to follow the description in the grant, as that covers, according to plaintiff’s allegation, the tract sued for, and it was unnecessary to encumber the case by the description which covers other tracts; but the attempt fails in this: the grant as well as the deed to the lessor, after leaving the Spanish oak, calls South 45° East to a a poplar on the South bank of the South branch of Walnut Creek. The lease calls South 4ii° East to a poplar on the South bank of the
 
 fourth
 
 branch of Walnut Creek.”
 

 The defendant’s counsel moved to nonsuit the plaintiff, because of the variance of the deed and declaration; the motion was refused; for this, the defendant excepts; there is no error. There is, of course, no variance between the lease recited in the declaration, and the lease under which the plaintiff claims; for, by the common rule, the defendant admits a lease to have been made as set out in the declaration; so the point of the objection is, that the lease varies from the deed to the lessor and also from the grant under which he derives his title. In regard to the deed, the variance, in a general point of view, between it and the grant, as well as the lease, is immaterial, for the fact that the deed includes other tracts, besides the one in controversy, can make no difference. The variance, in a particular point of view, is made the ground of a second exception, and will bo noticed below. In regard to the grant, there was no fatal variance between it and the lease; for the plaintiff was at liberty to explain it on the ground of a misprision in the draughtsman, by mistaking south, as writ
 
 *473
 
 ten, and supposing it to be
 
 fourth
 
 branch of Walnut Creek; or, by rejecting that part of the description in the lease as surplus-age, upon its appearing in the proof that there was no such water course as the fourth branch of Walnut Creek. By rejecting it, the only difference is that the description in the grant is more full than that in the lease; but, if the latter is sufficient to bring: the lease to the poplar corner, it answers every purpose; for the-proof is that the other part of the description will then cover the-
 
 locus in quo.
 
 It is by no means true that the lease must follow either the grant or the mesne conveyance under which the defendant makes title. A general description in the lease is sufficient, provided it covers ihe
 
 locus in
 
 quo, e. g., “a certain tract off land in the county of —--,■ upon which C. D., (the tenant in possession) then lived.” Eor the true question is, does the description in the lease and the description in the grant and deeds under which the lessor makes title, cover the
 
 locus in quo ?
 

 This brings us to the second exception. It is admitted that the deed to the lessor covered the
 
 iocus in quo;
 
 it is also admitted, that the grant, if run according to the rules, applicable to questions of boundary, covers it; but the defendant’s counsel insisted-that the plaintiff was ^compelled to run according to the calls-of the declaration, and not according to the calls in the deed, or grant; and as, according to the calls in the declaration, the-
 
 locus in quo
 
 was not covered, he eould not recover.” His Honor refused so to charge, but held that in locating the lease, the lines-were to be run according to the rules applicable to questions of boundary, which he explained to the jury with clearness and accuracy. The defendant excepts, because the Court held that the plaintiff was not compelled to run “ according to the calls of the declaration,” but was entitled, in locating the lease, to the benefit of the rules applicable to questions of boundary; e. i., that a natural object, or a tree marked as a corner in the original survey, and called for,would control course and distance. There-is no error.
 

 The defendant’s counsel puts his exception upon the ground, that there is- a distinction between a question of pleading, and »
 
 *474
 
 question of boundary; in the latter, certain rules are applicable, as laid down by the Court below; but, in the former, these rules are not applicable, and a defective declaration cannot be aided by them. The distinction is a sound one, and is recognized by this Court. President of the Deaf and Dumb Institute v. Norwood, Bus. Eq. 65; Mayor of Linn regis, 10 Rep. 128: “If the name of a corporation be mistaken in a writ, a new writ may be purchased of common right; but if it were fatal in leases and obligations, the benefit of them would be wholly lost; and therefore one ought to be supported, and not the other.” It may be conceded further, that the reason of the distinction extends to “ the thing ” sued for, as well as the person or corporation sued; and yet, we think it clear that the distinction does not apply to the case under consideration. The location of the lease, under which the plaintiff claims, is no more a question of pleading, than the location of the grant or deed under which the lessor claims, and if the rules in regard to boundary are necessary and proper, in the location of a grant or deed in fee simple, they must be equally so in the location of a lease or deed for an estate less than a fee, and the plaintiff is not to be prejudiced in the slightest degree by the fact that, instead of taking an actual lease on the premises, he is allowed, by the course of the Court, to suppose that a lease was made to him, and the defendant is required to admit that such is the fact. Now, if there had been an actual lease for years, describ-ng the land, as it is in the lease recited, by the declaration, there can be no sort of question, but that the rules in regard to boundary would be applicable; of course they are applicable to the lease for years, which the declaration supposes and the defandant admits to have been made. Consequently, it was proper to instruct the jury, that, in locating the lease, a natural object, or a tree marked and called for as a corner, would control the course and distance, and that the plaintiff was not compelled to locate the lease according to the calls of the declaration, (by which we understand the courses and distances of the lease recited in the declaration;) and that the jury should extend
 
 *475
 
 the lines, disregarding course and distance, to the Spanish oak and poplar; if they were satisfied that these were the trees originally run to and marked by the surveyor, and called for as
 
 %
 
 corner, by the grant and lease, you must go to it, and it made1 no difference whether you get' there by one step, South, 16* degrees West, 82 poles, or two, South, 16 poles, West, 82 poles, (the
 
 locus
 
 not being in the triangle thus made,) and, after" getting to the Spanish oak, you must run to the poplar, if that tree-was originally run to and marked by the surveyor,- and-was the tree called for as a corner by. the grant and the lease,, and the fact, that it was described in the lease,- as' stand ing on the South bank of the
 
 fourth
 
 branch of Walnut creek (there being no water course of that name) made no difference.These are well settled rules of boundary, applicable as well'to-leases for years, as to deeds for an estate for life or in fee, and the facts of this case show conclusively that the rules are founded in good sense, because, by their aid, the lease is located, so as to correspond with the grant, which it was clearly the intention to follow, notwithstanding the mistake in taking'
 
 South,
 
 as. written, to be
 
 fourth,
 
 and the mistake in filling up the:granfr so as to call from the- chesnut, “thence South 16 “poles ” West, 82 poles, to a Spanish oak, thence South 45 degrees East, 24 poles to a poplar, thence,” &c., instead of pursuing the survey, and calling
 
 thence
 
 South, 16
 
 degrees
 
 West, 82 poles to a Spanish oak : a mistake originating by the omission of
 
 degrees
 
 after* 16, and supposing it tobe
 
 IQ poles,
 
 instead of degrees: whereas, it is evident, that it was not the intention to make a corner before getting to the Spanish oak, the making of a corner being followed throughout the grant as far as it is’set forth by the word “thence.”
 

 Peb Cubiam. Judgment affirmed.